IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

STEPHANIE BUTTS,

        Petitioner,


v.                                Civil Action No.  3:16-CV-7
                                Criminal Action No. 3:14-CR-42-3
                                (GROH)


UNITED STATES OF AMERICA,

        Respondent.


## REPORT AND RECOMMENDATION

## I. INTRODUCTION

      The Petitioner, a *pro se* inmate, who is currently serving a 115-month sentence at FMC Carswell in Fort Worth, Texas, initiated this habeas corpus proceeding pursuant to 28 U.S.C. § 2255, by the filing of a motion to vacate, set aside or correct her sentence on January 11, 2016.  ECF No. 508[1].  A notice of deficient pleading which advised Petitioner that her motion needed to be filed on a court-approved form was issued by the Clerk on January 13, 2016.  ECF No. 511.  Thereafter, on February 8, 2016, Petitioner filed her motion to vacate, set aside or correct her sentence on the proper form.  ECF No. 514.

      On July 6, 2017, the United States filed its answer which included a representation that plea and sentencing transcripts would be filed upon receipt.  ECF No. 665.  Petitioner then filed a reply to the Government's answer on July 27, 2017.  ECF No. 681.  The transcript of the plea entry proceedings held on September 17,

---

[1]  ECF Numbers cited herein refer to case number 3:14-CR-42-3 unless otherwise noted.

2014, was filed on July 27, 2017. ECF No. 683. The Transcript of the sentencing hearing held on January 12, 2015, was filed on July 27, 2017. ECF No. 684.

This case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 636, 1915(A) and Local Rule of Prisoner Litigation ("LR PL") P 2.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Petitioner's Conviction and Sentence

Petitioner was indicted on July 22, 2014, as one of fourteen defendants charged in a 24-count indictment. ECF No. 1. Petitioner was charged in Count 1 with conspiracy to distribute and possess heroin, in Count 5 with aiding and abetting distribution of heroin, and in Count 8 with aiding and abetting possession with intent to distribute heroin. Id. On September 17, 2014, consistent with the plea agreement[2] filed with the court on that date, Petitioner entered her guilty plea to Count 8, which was alleged to have occurred on or about January 29, 2014. ECF No. 239. Pursuant to the terms of the agreement, Petitioner faced a term of imprisonment up to twenty years for her plea, a term of supervised release of at least three years and a fine of up to $1,000,000.00. ECF No. 239 at 1, ¶ 2. In paragraph 11, Petitioner waived her appellate rights. Id. at 4. At the plea entry hearing, counsel for the Government summarized the provisions of paragraph 4 which stipulates that "the total drug relevant conduct of this defendant is a Base Offense Level 28, which represents at least 400 grams, but less than 700 grams of heroin." ECF No. 683 at 11:6 – 11. Petitioner then confirmed to the Magistrate Judge that she understood that stipulation. Id. at 16:20 –

---

[2] Counts 1 and 5 were dismissed on the motion of the United States at sentencing consistent with paragraph 7 of the plea agreement. ECF No. 239 at 3 ¶ 7.

25.  Counsel for the Government summarized the provisions of paragraph 9 of the plea agreement, pursuant to which the Government recommended that Petitioner receive a total three level reduction, comprised of a two-level reduction for acceptance of responsibility and a one level reduction for timely acceptance of responsibility.  ECF Nos. 239 at 4, ¶ 9, 683 at 12:19 – 3:3.

A Presentence Investigation Report ("PSR") was prepared and disclosed to Petitioner.  ECF Nos. 394, 684 at 3:4 – 10.  An addendum to the original PSR was filed later which reflected that Petitioner qualified as a career offender, which status was unknown to Petitioner at the time she entered her plea.  ECF Nos. 394 at 39, 684 at 3:19 – 4:12.

On January 12, 2015, Petitioner was sentenced by the District Court to a variant sentence of 115 months of incarceration.   ECF No. 684 at 19:9 - 14.  The Court advised the parties that Petitioner would ordinarily have a base offense level of 26, but with the career offender enhancement would have a base offense level of 32.  ECF Nos. 394 at 11 ¶ 52, 39; 684 at 6:4 – 8.  The Court noted Petitioner's prior controlled substance offense and crime of violence offense which qualified her for career enhancement were from Petitioner's convictions for conspiracy to sell heroin in Davidson County, Texas, on September 23, 2004, and for unlawful wounding in Berkeley County, West Virginia, on December 12, 2005.  ECF No. 684 at 6:9 – 14.

The initial PSR, prepared on November 5, 2014, provided that Petitioner's Base Offense Level was 26 with a 3 point reduction for acceptance of responsibility, making her total offense level 23, with a criminal history category of VI.  ECF No. 394 at 1, 11 – 12, ¶¶ 52 – 61, 19 at  ¶¶ 82 – 84.   Under that calculation, the United States Sentencing

Guidelines ("U.S.S.G. or "the Guidelines") recommend an imprisonment range from 92 to 115 months.  ECF No. 394 at 27, ¶ 136.  The addendum to the PSR, prepared on November 25, 2014, advised the Court that Petitioner qualified as a Career Offender pursuant to U.S.S.G. § 4B1.1, and further advised that Petitioner's Base Offense Level was 32, with a 3 point reduction for acceptance of responsibility, making her total offense level 29, with a criminal history category of VI.  ECF No. 394 at 1, 39.  Under that calculation, the Guideline imprisonment range was from 151 to 188 months.  Id.  At sentencing, the Government recommended a sentence of 92 months, at the low end of the range without the career offender enhancement, and substantially outside the 151 to 188 month range applicable with a career enhancement.  Id. at 17:3 – 7.  The District Court imposed a variant sentence of 115 months, at the high end of the range without the career offender enhancement.  Id. at 19:9 – 14.  The Court explained its reasoning:

> In reaching my decision as to the proper  sentence to be imposed, I did consider all those factors  set forth in 18 United States Code § 3553(a).
> Specifically the reasons for the sentence imposed are as follows:
> Over a period of time, defendant was involved in a serious heroin distribution conspiracy that brought heroin from Maryland into the Northern District of West Virginia for resale and personal use.
> Review of her criminal history reveals an uninterrupted pattern of illegal activity, and defendant  is a career offender. Her history includes offenses  involving drugs, theft, crimes of violence, and  obstruction of the law.
> Based upon defendant's involvement in this instant offense, her personal history and characteristics,  and her criminal history, she is desperately in need of  corrective treatment which can most effectively be  provided by this sentence of imprisonment, which is a  variant sentence of 115 months.
> Despite her vast criminal history, nevertheless as Mr. Douglas pointed out, in support of the variant  sentence imposed by the Court, no firearm was involved in  this

> offense. There was no violence involved in the offense. It does appear to the Court that this offense that the defendant presents for today was addiction driven.
>
> According to the government, this defendant voluntarily was interviewed and provided valuable information to the government regarding codefendant Tavon Moore, who was higher up in the hierarchy in this offense than she.
>
> And to borrow a phrase from Mr. Douglas, it does appear as though the defendant, despite her uninterrupted pattern of illegal activity, became a career offender on these two prior qualifying convictions by the skin of her teeth.
>
> Overall, this variant sentence of 115 months reflects the serious nature of the offense, and will hopefully deter the defendant from engaging in future drug trafficking crimes.

ECF No. 684 at 22:21 - 24:11. According to the Bureau of Prisons website, Petitioner's projected release date is June 5, 2022.

**B.** **Petitioner's Direct Appeal**

Petitioner did not directly appeal her conviction. ECF No. 514 at 2. In regard to the two grounds she asserts herein, she claims that "[b]ecause of Ineffective Assistance of Counsel I did not know that I could" appeal. ECF No. 514 at 5, 8.

**C.** **Petitioner's Federal Habeas Corpus Petition.**

By filing an initial motion to vacate, set aside or correct her sentence, pursuant to 28 U.S.C. § 2255, Petitioner instituted the instant case, after which she refiled her motion on the proper forms, seeking a reduction of her sentence from 115 months to 84 months. ECF Nos. 508, 514. In her properly filed motion to vacate, Petitioner raises two grounds for relief:

**1.** **Ground One.** Petitioner claims that her criminal history was miscalculated, violating her Fifth Amendment due process rights, her Sixth Amendment right to counsel, her Eighth Amendment right against cruel and unusual punishment, and her Fourteenth

Amendment due process rights.  ECF No. 514 at 5.

**2.    Ground Two.**    Petitioner claims that the United States Sentencing Guidelines Career Offender Enhancement was misused in calculating her sentence, violating her Fifth Amendment due process rights, her Sixth Amendment right to counsel, and her Eighth Amendment right against cruel and unusual punishment.  ECF No. 514 at 6.  Petitioner also argues in the brief which accompanies her motion that her career offender enhancement should be eliminated because it was based on her conviction for conspiracy which she argues is unconstitutionally vague.  ECF No. 514-1 at 2.

## III.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former

> class are claims against which it is clear that the defendants are immune from suit. . .

Id. at 327.   Frivolity dismissals should only be ordered when the legal theories are indisputably meritless, or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## A.      Pro Se Pleadings.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   However, while *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal.  Haines, supra, at 520–21.  "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'"  Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999).  However, "judges are [ ] not required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

## B.      Motions made Pursuant to 28 U.S.C. § 2255.

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence imposed in a separate proceeding.  To succeed on such a motion, the movant must prove one of the following, that: (1) the conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) the court in imposing sentence lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack**.**  28 U.S.C. § 2255(a).

The United States Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Petitioners are limited in the issues which may be addressed in cases brought pursuant to § 2255. Petitioners who fail to raise issues on direct appeal or who raise issues on direct appeal which are decided there, are both precluded from addressing those same issues in § 2255 proceedings. "Nonconstitutional claims that **could** have been raised on direct appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 477, n.10, (1976) (emphasis in original) (citing Sunal v. Large, 332 U.S. 174, 178-79 (1947)); *see also* United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (A petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that **could have** been raised on appeal.") (Quoting Brian R. Means Fed. Habeas Practitioner Guide, Jurisdiction ¶ 1.23.0) (2006-2007) (emphasis in original) (internal citations omitted). Similarly, the Supreme Court has long held that the general rule that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003).

The Fourth Circuit has also held that when a petitioner raises issues which have been previously appealed and decided, that petitioner "will not be allowed to recast, under the guise of collateral attack, questions fully considered" in earlier decisions. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), citing Herman v. United States, 4th Cir., 227 F.2d 332 (1955); Accord United States v. Harrison, No. 96-7579, 1997 WL 499671, at *1 (4th Cir. August 25, 1997) (unpublished).

"It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984); Bousley v. United States, 523 U.S. 614, 621 (1998). "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 49.0, 492-93 (4th Cir. 1999).

A constitutional error that could have been, but was not raised on appeal, may not be raised for the first time in a § 2255 motion, unless it passes a two part-test which requires the movant to show either (1) "cause" that excuses the failure to raise the error on appeal and "actual prejudice" resulting from the error, or (2) that a miscarriage of justice would occur if the court refuses to entertain a collateral attack. (citing Bousley, 523 U.S. at 621-22); Frady, 456 U.S. at 167-68.

The Supreme Court has recognized that it has not strictly defined "cause" because of "the broad range of potential reasons for an attorney's failure to comply with a procedural rule, and the virtually limitless array of contexts in which a procedural default can occur." Reed v. Ross, 468 U.S. 1, 13, (1984) (Citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The Supreme Court explained that, "[u]nderlying the concept of cause, however, is at least the dual notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel." Id. (Citing Wainwright v. Sykes, supra, at 91, and n. 14; Henry v. Mississippi, 379 U.S. 443, 451

(1965)).  To establish "actual prejudice," contemplated in the first prong, the movant must show that the alleged error resulted in an "actual and substantial disadvantage," rather than a mere possibility of prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1977) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

To demonstrate a miscarriage of justice, contemplated in the second prong, the movement must prove "actual innocence" of the crime for which he was convicted, substantiating that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

**C.  Scope of § 2255 proceedings where misapplication of the Sentencing Guidelines is raised.**

The Fourth Circuit has long held that, "Section 2255 provides a means for one convicted of a federal offense to collaterally attack a conviction or sentence that, *inter alia,* "was imposed in violation of the Constitution or laws of the United States," and thus § 2255 relief is not limited to constitutional error in a conviction or sentence."  United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999) (citing Davis v. United States, 417 U.S. 333, 345-46 (1974)).  The same year it decided Mikalajunas, the Fourth Circuit also decided United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) which cited to substantial precedent from other circuits and held:

> Barring extraordinary circumstances [ ] an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines. *See United States v. Mikalajunas,* 186 F.3d 490, 495–496 (4th Cir.1999) ( "[M]isapplication of the [sentencing]

guidelines typically does not constitute a miscarriage of justice."); *see also Auman v. United States,* 67 F.3d 157, 161 (8th Cir.1995) (holding absent a "miscarriage of justice," ordinary questions of Guidelines interpretation are not cognizable on collateral review); *Scott v. United States,* 997 F.2d 340, 341 (7th Cir.1993) ("A claim that the judge misapplied the Sentencing Guidelines does not challenge the jurisdiction of the court or assert that the judge exceeded the statutory maximum."); *Knight v. United States,* 37 F.3d 769, 773–74 (1st Cir.1994) (holding that misapplication of Sentencing Guidelines is generally not a proper claim under § 2255); *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

## IV. ANALYSIS

To obtain relief pursuant to the statute under which Petitioner seeks relief, 28 U.S.C. § 2255, Petitioner must prove one of the following: (1) that her conviction or sentence was imposed in violation of the laws or Constitution of the United States; (2) that the court which imposed sentence lacked jurisdiction; (3) that the sentence exceeded the maximum authorized by law; or (4) that the sentence was otherwise subject to collateral attack. Petitioner has alleged only the first of these, that her sentence was imposed in violation of the laws or Constitution.

The essence of Petitioner's claims is that the Court violated her Constitutional rights by miscalculating her criminal history and by sentencing her under a misapplication of the United States Sentencing Guidelines. Petitioner argues that she is entitled to relief and seeks a reduction of her sentence from 115 to 84 months. The Government makes two arguments: (1) that Petitioner's criminal history was properly calculated; and (2) that despite qualifying as a career offender, Petitioner was

sentenced without regard to her career offender status. For the reasons explained below, the undersigned finds the Government's arguments persuasive.

**A.** **Ground One.**

**Petitioner's criminal history was properly calculated.**

Petitioner argues that her criminal history was improperly calculated on three bases. First, Petitioner claims that her criminal history points, as included in the PSR and addendum thereto, were improperly calculated. Second, she claims that the improperly calculated criminal history points improperly elevated her criminal history category. Third, Petitioner claims that her base offense level was improperly calculated. However, a review of the PSR and its addendum [ECF No. 394] reveals that Petitioner's criminal history points, criminal history category and base offense level were all properly calculated.

**1.** **Petitioner's criminal history points.**

Section 4A1.1 of the Guidelines sets forth the formula for calculating an individual's criminal history category based on the calculation of criminal history points:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
> (a)      Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b)      Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> (c)      Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
> (d)      Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
> (e)      Add 1 point for each prior sentence resulting from a

conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

In the initial PSR the defendant's criminal history points were calculated at 13, without a designation as a career offender. The addendum to the PSR advised the Court that "[s]ubsequent to the submission of the Presentence Report . . . the United States Probation Office again reviewed the defendant's criminal history and noticed that an oversight was made regarding the computation of the defendant's criminal history." ECF No. 394 at 39. The addendum explained that Petitioner qualified as a career offender. Id. Consistent with the Guidelines, that designation was made without regard to the timeframe in which Petitioner's prior offenses were committed. The initial PSR showed Petitioner's criminal history began at age 19, when she was convicted of various driving offenses in the Magistrate Court of Berkeley County, West Virginia on September 5, 1996. Id. at 12, ¶ 65. However, that and other offenses from the 1990s were outside the time frame for calculation of criminal history points.

Petitioner argues that her September 29, 2003 conviction for petit larceny[3] in the Magistrate Court of Berkeley County, West Virginia, was also too remote in time to be counted as a prior sentence of imprisonment pursuant to U.S.S.G. § 4A1.1(b). According to the PSI, Petitioner was assessed one criminal history point for her 2003 conviction for petit larceny. ECF No. 394 at 13, ¶ 69. The Commentary 2 to U.S.S.G. § 4A1.1(c) provides in part that, "[a] sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted." In the instant matter, Petitioner entered a plea to Count 8 of the indictment, which was alleged to have

_____

[3] Petitioner was also convicted of petit larceny in 2005. ECF No. 394 at 16 ¶ 73.

occurred on or about January 29, 2014.  ECF No. 1 at 11.  The Government argues that the conspiracy alleged in Count 1 of the Indictment was alleged to have commenced in 2008, thus making Petitioner's prior petit larceny conviction within the ten year period for application of a criminal history point.

It is unnecessary for the Court to determine whether the petit larceny charge was within the appropriate time frame for calculating criminal history points because even without including that offense, Petitioner received the maximum permissible criminal history points.

The applicable subparagraph instructs the Court to "[a]dd 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection."  U.S.S.G. § 4A1.1(c).  The Government concedes that Petitioner merited a total of eight criminal history points under § 4A1.1(c), one of which was for her 2003 petit larceny conviction, but that only four of the eight criminal history points earned by Petitioner may be used for calculation under the Guidelines.   ECF No. 665 at 3.  Even if Petitioner's 2003 petit larceny conviction were determined to be outside the time frame, the calculation of her criminal history points would not change.  Regardless of whether a criminal history point was assessed against Petitioner for her 2003 petit larceny conviction, the reduction of her earned criminal history points from eight to seven would make no change to her total criminal history calculation under § 4A1.1(c), which at most may be four points.

Petitioner also argues that her August 31, 2004 conviction for assault third degree in Wayne County, New York, [ECF No. 394 at 14 ¶ 71] was improperly considered by the court in the calculation of her criminal history points.  The same analysis used in regard to Petitioner's 2003 petit larceny conviction applies to her

conviction for assault third degree. According to the PSI, Petitioner was assessed one criminal history point for her conviction for assault third degree. ECF No. 394 at 14, ¶ 71. Petitioner challenges the validity of this criminal history point, arguing that the point, "should not have been given or considered on any level." ECF 514-1 at 1 – 2. As with Petitioner's 2003 petit larceny conviction, it is irrelevant to Petitioner's total criminal history calculation whether Petitioner's assault third degree conviction is counted. Regardless of whether a criminal history point was assessed against Petitioner for her assault third degree conviction, the reduction of one earned criminal history point would make no change to her total criminal history calculation under § 4A1.1(c), which at most may be four points. Accordingly, even if both the 2003 petit larceny conviction and assault third degree convictions were eliminated from the calculation, Petitioner's criminal history would merit six criminal history points under U.S.S.G. § 4A1.1(c), which only permits a total of four points to be counted.

Petitioner also asserts that her December 5, 2004, shoplifting third offense and August 6, 2004, unlawful wounding convictions in Berkeley County Circuit Court were improperly used in calculating her criminal history, arguing that that, "because she did not serve more than 1 year one month this charge [sic] does [not] fall under the 15 year category. So this charge can not be used against her for points. . ." ECF No. 514-1 at 2. Shoplifting third offense[4] and unlawful wounding[5] are felony offenses in the State of West Virginia. Shoplifting third offense is punishable by imprisonment for an indeterminate period, "in the penitentiary for not less than one year nor more than ten years. At least one year shall actually be spent in confinement and not subject to

---

[4] West Virginia Code § 61-3A-3 criminalizes shoplifting, third offense.
[5] West Virginia Code § 61-2-9(a) criminalizes unlawful wounding, a lesser included offense of malicious wounding.

probation. . ."  W. Va. Code § 61-3A-3.  Unlawful wounding is punishable by an indeterminate period of incarceration of not less than one nor more than five years, or in the alternative one year in the regional jail.  W.Va. Code § 61-2-9(a).  According to the PSI, Petitioner was sentenced to not less than one nor more than ten years in the penitentiary for shoplifting third offense, on December 12, 2005, and paroled on July 20, 2008.  ECF No. 394 at 15, ¶ 72.  That period of incarceration was for two years and seven months, and was imposed within fifteen years of Petitioner's instant conviction.  Accordingly, Petitioner's conviction for shoplifting third offense merited the addition of three criminal history points pursuant to U.S.S.G. § 4A1.1(a).

**2.     Petitioner's criminal history category.**

Petitioner's criminal history category was computed based on Chapter 4 of the Guidelines.  According to the PSI, Petitioner's total criminal history score is 13, with a subtotal criminal history of eleven points, including the maximum four points counted under U.S.S.G. § 4A1.1(c), and with two additional points for committing the instant offense while on probation in Berkeley County, West Virginia Magistrate Court, case 13-M-23[6].  ECF No. 394 at 19, ¶¶ 82 – 84.

Petitioner's criminal convictions for three prior felonies, conspiracy to sell heroin on September 23, 2004, shoplifting third offense on November 21, 2005, and unlawful wounding on December 12, 2005, were properly used in the calculation of her criminal history points.  She received two criminal history points for her conspiracy conviction.

_____

[6]   The Court notes that this 2013 offense was for a shoplifting second offense conviction which occurred after Petitioner's 2005 conviction for shoplifting third offense, and further, that in the interim Petitioner was convicted of another shoplifting second offense in Berkeley County in case number 12-M-451.

ECF No. 394 at 14 ¶ 70.  She received three criminal history points for her convictions for shoplifting third offense and unlawful wounding.  Id. at 15, ¶ 72.

Petitioner also properly received criminal history points for various misdemeanor convictions.  She received two criminal history points for her 2005 conviction for petit larceny for which she was sentenced to six months in jail.  Id. at 16, ¶ 73.  She earned eight points for her other various convictions, but that number was reduced to the maximum permissible four points under U.S.S.G. § 4A1.1(c).  Id. at 13 ¶ 69, 14 ¶ 71, 16 ¶¶ 74 – 75, 17 ¶¶ 78 – 79, 18 ¶¶ 80 – 81, 19 ¶ 82.  She also received two points under § 4A1.1(d) because she was on probation at the time the instant offense was committed.  Id. at 19 ¶ 83.

"The total [criminal history] points [ ] determine the criminal history category in the Sentencing Table in Chapter Five, Part A."  U.S.S.G. § 4A1.1.  The Sentencing Table has columns for Criminal History Category based on Criminal History Points.  U.S.S.G. Ch. 5 Pt. A.  Petitioner's total of thirteen criminal history points places her in Category VI, the highest criminal history category.  Id.  As discussed above, Petitioner's challenges to her criminal history point calculation under subparagraph (c) are without merit.  She did not raise any other grounds which afford her relief in regard to either her criminal history point calculation or her criminal history category.

### 3.    Petitioner's base offense level.

The PSR and plea agreement both acknowledge the parties' stipulation that Petitioner's base offense level as 28, based on the weight in grams of heroin involved in the offense: at least 400, but less than 700 grams.  ECF Nos. 239 at 3; ¶ 4, 394 at 4 ¶ 11, 10 ¶ 42, 11 ¶ 52; 683 at 11:16 – 11; 16:20 – 25.  The relevant paragraph of the plea

agreement further provides that, "[t]he parties understand that . . . the Court is not bound by the above stipulation." ECF No. 239 at 3. The stipulation is consistent with the Drug Quantity Table which constitutes U.S.S.G. § 2D1.1(c)(7) which specifies that, "at least 400 G but less than 700 G of heroin" is a level 28 offense[7]. Following Petitioner's plea entry on September 17, 2014, revisions to the Guidelines became effective on November 1, 2014.

At sentencing the Court noted that Petitioner had two prior convictions[8] which are qualifying predicate offenses for career offender purposes under Guideline 4B1.1. ECF No. 684 at 6:9 – 17. Petitioner's 2004 conviction for Conspiracy to sell heroin resulted in a sentence of eight years in the Tennessee Department of Corrections. ECF No. 394 at 14 ¶ 70. Her 2005 conviction for Unlawful Wounding resulted in a sentence of not less than one nor more than ten years in the West Virginia Division of Corrections. Id. at 15 ¶ 72.

Those offenses made the Base Offense Level 32 under Guidelines 4B1.1(b)(3). ECF No. 684 at 19 – 20. Pursuant to § 4B1.1(b), "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." The table provides that if the offense of conviction has a statutory maximum of "20 years or more, but less than 25 years" that offense level is 32. U.S.S.G. § 4B1.1(b)(3). Although Petitioner correctly points out that her base level offense would have been 26 without her career offender designation [ECF No. 514-1 at 1], because Petitioner entered a plea

---

[7] This was consistent with the Guidelines effective from November 1, 2013. On November 1, 2014, a change to the Guidelines made that conduct a level 26 offense.

[8] The first of these prior offenses was a conviction for conspiracy to sell heroin in Davidson County, Texas in docket number 2003-A-347 on September 23, 2004. The second of these prior offenses was a conviction for unlawful wounding in Berkeley County, West Virginia in docket number 05-F-263 on December 12, 2005.

to an offense which exposed her to not more than 20 years of imprisonment, with her career offender designation, pursuant to § 4B1.1(b), the greater offense level of 32 applied to Petitioner. However, Petitioner was granted a three level reduction for acceptance of responsibility, as agreed by the parties, and accepted by the Court, making Petitioner's Base Offense Level 29. ECF No. 684 at 6:21 – 7:4. At sentencing, the Court noted because Petitioner had "a Criminal History Category of VI, based on 13 points, and a Total Offense Level of 29, the Guidelines recommend imprisonment in the range of 151 to 188 months." Id. at 7:4 – 8. However, notwithstanding Petitioner's career offender designation, the Court imposed a variant sentence, adjusting downward from the Guidelines range and imposing a sentence that would have applied to Petitioner had she not been designated as a career offender. Petitioner complains that the Guidelines were misapplied to her sentence, however, the court's downward variance with the Guidelines was in Petitioner's favor, reducing her sentence by a period of 40 months.

**B.** **Ground Two.**

**The Career Offender enhancement was not improperly applied to Petitioner's sentence.**

Consistent with the Guidelines, Petitioner was designated as a career offender. ECF Nos. 394 at 39, 684 at 6:9 – 19. Section 4B1.1(a) of the Guidelines provides that:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Guidelines Manual, November 1, 2014.

Petitioner meets all three requirements to be considered a career offender.  First, Petitioner was at least eighteen years of age when she committed the instant offense. Petitioner was convicted of Count 8 of the indictment which was alleged to have occurred on January 29, 2014.  ECF No. 1 at 11.  At that time Petitioner was 37 years old.  ECF No. 394 at 2.  Second, Petitioner's instant offense is either a crime of violence or a controlled substance violation.   Petitioner's instant conviction is for aiding and abetting possession with intent to distribute heroin.  ECF No. 684 at 5:5 – 6:2.  Third, Petitioner has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  Petitioner's two prior qualifying convictions consisted of one controlled substance violation, conspiracy to sell heroin, in Davidson County, Tennessee, and a crime of violence, unlawful wounding, in Berkeley County, West Virginia.   ECF No. 684 at 6:9 – 17.

Petitioner argues that her career offender enhancement should be eliminated because the crime of conspiracy "is unconstitutionally vague."  ECF No. 514-1 at 2. However, a review of the Guidelines and commentary thereto demonstrates that Petitioner's argument is without merit.

Pursuant to the Guidelines, "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance [ ] or the possession of a controlled substance [ ] with intent to manufacture, import, export, distribute or dispense."   U.S.S.G. § 4B1.2(b).   The Guidelines defines the term "two prior felony convictions" to mean:

> (1) the defendant committed the instant offense of conviction
> subsequent to sustaining at least two felony convictions of
> either a crime of violence or a controlled substance offense
> [ ], and (2) the sentences for at least two of the
> aforementioned felony convictions are counted separately
> under the provisions of § 4A1.1(a), (b), or (c). . . .

U.S.S.G. § 4B1.2(c). Commentary 1 to § 4B1.2 provides that the terms, "'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and attempting to commit such crimes." Accordingly, Petitioner's 2003 conviction for conspiracy to sell heroin, for which she was sentenced to eight years in the Tennessee Department of Corrections [ECF No. 394 at 14 ¶ 70], meets the definition of a "controlled substance offense" and thus was properly considered as a qualifying crime for career offender status. Petitioner further argues that her conviction for conspiracy too remote in time to be considered as a predicate offense to a career offender designation. ECF No. 514-1 at 3. However, there is no time frame applicable to career offender designations, as applies to criminal history points. U.S.S.G. § 4B1.1.

Petitioner also argues that her conviction for unlawful wounding was too remote in time to be considered as a predicate offense to a career offender designation. ECF No. 514-1 at 4. Again, because there is no time frame applicable to career offender designations, Petitioner's unlawful wounding conviction was properly used to designate her as a career offender, without regard to the date of conviction. U.S.S.G. § 4B1.1. Additionally, pursuant to the Guidelines[9], "[t]he term 'crime of violence' means any

---

[9] The undersigned notes that the term "crime of violence" is also defined by 18 U.S.C. § 16, the term "crime of violence" to mean:

> (a) an offense that has as an element the use, attempted use, or
> threatened use of physical force against the person or property of
> another, or (b) any other offense that is a felony and that, by its nature,

offense under federal or state law, punishable by imprisonment for a term exceeding one year, that [ ] has an element of the use, attempted use, or threatened use of physical force against the person of another. . . ." U.S.S.G. § 4B1.2(a). Under West Virginia Code § 61-2-9(a), the crime of unlawful wounding is a lesser included offense of malicious wounding:

> If any person maliciously shoots, stabs, cuts or wounds any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she, except where it is otherwise provided, is guilty of a felony . . . If the act is done unlawfully, but not maliciously, with the intent aforesaid, the offender is guilty of a felony. . .

Petitioner was convicted of unlawful wounding, which offense occurred when Petitioner shot, stabbed, cut or wounded another person, unlawfully but without malice. That crime had as an element, the use, attempted use or threatened use of physical force against the person of another, and thus the crime was properly used to designate Petitioner as a career offender.

For all the reasons stated herein, specifically that: (1) Petitioner's criminal history points, criminal history category and base offense level were properly calculated, and (2) Petitioner was properly designated a career offender, Petitioner's motion under §2255 fails, as it is without arguable merit either in law or in fact. Accordingly, the undersigned finds that the Petitioner has failed to state claim which would entitle her to relief.

---

involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Petitioner's initial motion to vacate, set aside or correct her sentence [ECF No. 508] and the refiled motion to vacate, set aside or correct her sentence [ECF No. 514] be **DENIED**. The undersigned also **RECOMMENDS** that the Petitioner's motions for disposition of this matter [ECF Nos. 587, 620] be **DENIED AS MOOT**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  September 13, 2017

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE