**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**STEPHANIE BUTTS,**

    Petitioner,

**v.**                                                **CIVIL ACTION NO.: 3:16-CV-7
CRIMINAL ACTION NO.: 3:14-CR-42-3
(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi. ECF No. 741 in 3:14-CR-42-3. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). On September 13, 2017, Magistrate Judge Aloi filed an R&R in which he recommended that this Court deny the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 741 in 3:14-CR-42-3.

**I. Background**

On July 22, 2014, the Petitioner was charged as one of fourteen defendants in a 24-count indictment. The Petitioner was charged in Count 1, conspiracy to distribute and possess heroin, Count 5, aiding and abetting the distribution of heroin, and Count 8, aiding and abetting possession with intent to distribute heroin. On September 17, 2014, the

Petitioner pled guilty to Count 8, aiding and abetting possession with intent to distribute heroin. The Government dismissed Counts 1 and 5. ECF No. 239 in 3:14-CR-42-3.

On January 12, 2015, the Petitioner appeared before this Court for a sentencing hearing. ECF No. 391 in 3:14-CR-42-3. The Court found that the base offense level was 32, based upon the offense, which involved at least 400 kilograms, but less than 700 kilograms of heroin, and the Petitioner's career offender status. ECF No. 684 at 6 in 3:14-CR-42-3. The base offense level was dropped three levels for the Petitioner's acceptance of responsibility and upon the Government's motion. Id. Accordingly, the Court found a total offense level of 29. Id. at 7. Next, the Court found that the Petitioner's criminal history category was VI, based upon 13 points. Id. Therefore, the Sentencing Guidelines ("Guidelines") recommended imprisonment in the range of 151 to 188 months followed by supervised release of at least three years. Id. The Petitioner's counsel did not object to these findings, but argued that "the end result Guidelines, even if they are technically correct, [are not] appropriate in this case." Id. at 4, 7.

Ultimately, the Court sentenced the Petitioner to 115 months, a variant sentence. Id. at 19. To support the downward departure, the Court reasoned that there was no firearm or violence involved in the offense, the offense was addiction driven, the Petitioner was cooperative, and the Petitioner became a career offender "by the skin of her teeth." Id. at 23-24.

The Petitioner did not file a direct appeal and explains that she did not know that she could appeal. ECF No. 514 at 5, 8 in 3:14-CR-42-3. However, on January 11, 2016, the Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255, requesting a reduction of her sentence from 115 months to 84 months. The Petitioner argues that the

Court: (1) miscalculated the Petitioner's criminal history; and (2) misused the career offender enhancement. Upon review, the magistrate court issued an R&R recommending that the Court deny and dismiss the § 2255 motion with prejudice.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Failure to file timely objections also constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen days after Petitioner was served, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner was served with the R&R on September 21, 2017 and filed objections on September 28, 2017. Accordingly, this Court will undertake a *de novo* review of those portions of Magistrate Judge Aloi's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

3

### III. Discussion

The Court will address each of the Petitioner's claims in turn.

### A. Miscalculation of Criminal History

#### 1. Background

In Ground One, Petitioner alleges that the Court miscalculated her criminal history. ECF No. 514 at 5 in 3:14-CR-42-3. She does not allege any supporting facts, but states that there have been a "violation of constitutional rights" as follows, "due process, ineffective assistance of counsel, cruel and unusual punishment, [and] cannot deprive a US citizen of life, liberty, or property." Id. Accordingly, it appears that the Petitioner principally argues that the Court miscalculated her criminal history category in violation of the laws or Constitution of the United States.

While Magistrate Judge Aloi found that the Court did not miscalculate the Petitioner's criminal history category, the Defendant objects and states that "the prior convictions that the report calculated are not in alignment with the [new] Advisory sentencing Guidelines post Booker." ECF No. 743 at 1 in 3:14-CR-42-3. Additionally, the Petitioner argues that "recent Supreme Court case law – Molina-Martinez v. United States, 2016 BL 125404, U.S., No. 14-8913, 4-20-16, states that the Government cannot arbitrarily increase a base offense level that does not purport with the Advisory Sentencing Guidelines." Id. at 2.

#### 2. Applicable Law

A defendant's criminal history is calculated pursuant to the United States Sentencing Guidelines Manual, chapter four, part A. Specifically, to calculate the Defendant's criminal history category, the Court conducts the following inquiry:

4

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
(e) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

U.S. SENTENCING GUIDELINES MANUAL § 4A1.1 (U.S. SENTENCING COMM'N 2014). For section (a), a sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period. See § 4A1.2(e). Under sections (b) and (c), a sentence imposed more than ten years prior to the defendant's commencement of the instant offense is not counted. Id.

### 3. Analysis

Beginning with the Petitioner's objections, she first argues that the calculations are not in conformity with the "post Booker" guidelines. While it is unclear, it seems the Petitioner is likely referring to United States v. Booker. In this case, the Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea or guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." U.S. v. Booker, 543 U.S. 220, 244 (2005). However, in this case, the Court did not make any findings of fact that enhanced the Petitioner's sentence under the Guidelines. The Court did acknowledge the Petitioner's prior criminal convictions—however, this sort of

judicial fact finding falls squarely within the parameters of Booker. Accordingly, this objection is without merit.

Next, the Petitioner cited Molina-Martinez v. United States to argue that the Government cannot "arbitrarily increase a base offense level that does not purport with the Advisory Sentencing Guidelines." In Molina-Martinez, the Supreme Court held that "in most cases, the Guidelines range will affect the sentence," accordingly, "a defendant sentenced under an incorrect Guidelines range should be able to rely on that fact to show a reasonable probability that the district court would have imposed a different sentence under the correct range." Molina-Martinez v. United States, 136 S. Ct. 1338, 1349 (2016). However, in this case, Magistrate Judge Aloi did not recommend that the Petitioner's motion to vacate be dismissed on the basis that she has failed to show she was prejudiced by an incorrect Guidelines range. Rather, Magistrate Judge Aloi found that the Guidelines used were correctly calculated. Accordingly, Molina-Martinez offers no support for rejecting the R&R. Thus, the Petitioner's second objection is without merit.

Finally, reviewing the remainder of the R&R to which the Petitioner did make any specific objections, it appears that Magistrate Judge Aloi's findings of fact and law are accurate. The Petitioner had a criminal history score of eleven based on her prior convictions. She committed the charged offense while on probation for shoplifting, adding an additional two points. Accordingly, the Petitioner's total criminal history score was thirteen. A criminal history score of thirteen establishes a criminal history category of VI. Thus, the Petitioner's criminal history category was properly calculated at Category VI.

### 4. Conclusion

Accordingly, the Petitioner's argument in Ground 1, that her criminal history

6

category was miscalculated, is without merit.

### B. Misuse of Career Offender Enhancement

#### 1. Background

In Ground Two, Petitioner alleges that the Court misused the Career Offender Enhancement. ECF No. 514 at 6 in 3:14-CR-42-3. She does not allege any supporting facts, but states that there has been a "violation of constitutional rights" as follows, "due process, effective assistance of counsel, [and] cruel and unusual punishment." Id. Accordingly, it appears that the Petitioner principally argues that the Court misused the Career Offender Enhancement in violation of the laws or Constitution of the United States.

While Magistrate Judge Aloi found that the Court did not misuse the Career Offender Enhancement, the Defendant objects and states that "[p]ursuant to precedent Supreme Court case law Johnson v. United States, (2015), the petitioner is no longer to be placed in the Career Offender Category. ECF No. 743 at 1 in 3:14-CR-42-3. Furthermore, the prior convictions that the report calculated are not in alignment with the now Advisory sentencing Guidelines post Booker." Id. Finally, the Petitioner argues that "recent Supreme Court case law – Molina-Martinez v. United States, 2016 BL 125404, U.S., No. 14-8913, 4-20-16), states that the Government cannot arbitrarily increase a base offense level that does not purport with the Advisory Sentencing Guidelines." Id. at 2.

#### 2. Applicable Law

Section 4B1.1 of the U.S. Sentencing Guidelines provides that "a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction

7

is a felony that is either a crime of violence of a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (U.S. SENTENCING COMM'N 2014).

At the time the Petitioner was sentenced, a crime of violence was defined as any offense, "punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." In Johnson v. United States, the Supreme Court held that the residual clause which stated "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551, 2562 (2015). Accordingly, a "crime of violence" has been redefined as any offense, "punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)."

### 3. Analysis

Reviewing the Petitioner's objections, her first two objections regarding Booker and Molina-Martinez are discussed more fully in Section III(A)(3) of this Order. As articulated in more detail above, both are without merit. Next, the Petitioner argues that the Supreme

Court's holding in Johnson requires she no longer be classified as a career offender based on the premise that the "crime of violence" provision was unconstitutionally vague at the time of her sentencing.

The Petitioner's Career Offender status was calculated on the basis of two convictions, one controlled substance offense, and one crime of violence. ECF No. 684 at 6. Specifically, the Petitioner was convicted of: (1) conspiracy to sell heroin; and (2) unlawful wounding. Because Johnson did not address the "controlled substance offense" portion of the career offender provision, the Court will review only the "crime of violence" conviction, in this case, unlawful wounding.

Under West Virginia Code § 61-2-9(a), a person is guilty of unlawful wounding, a felony offense, if she "shoots, stabs, cuts, or wounds any person, or by any means cause[s] him or her bodily injury with intent to maim, disfigure, disable or kill." W. VA. CODE § 61-2-9(a). This offense falls under the first category of the "crimes of violence" definition. Specifically, it is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Accordingly, the unlawful wounding was properly categorized as a crime of violence. This does not change under Johnson, as the Supreme Court only invalidated the residual clause, or the portion which states, "or otherwise involves conduct that presents a serious potential risk of physical injury to another." Therefore, this offense remains properly classified as a crime of violence.

Accordingly, the Petitioner was properly classified as a career offender. Petitioner was thirty-seven years old at the time of the offense. The offense was a controlled substance violation—specifically, the Petitioner pled guilty to aiding and abetting possession with intent to distribute heroin. Finally, the Petitioner had two prior qualifying

9

convictions—conspiracy to sell heroin and unlawful wounding. Thus, the Petitioner was properly classified as a career offender.

Reviewing the remainder of the R&R, to which the Petitioner makes no objections, the Court finds that Magistrate Judge Aloi's findings of fact and law are accurate. The Petitioner was accurately categorized as a career offender based on her conviction for conspiracy to sell heroin and her conviction for unlawful wounding.

### 4. Conclusion

Accordingly, the Court finds that Ground 2—Misuse of Career Offender Enhancement—is without merit.

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Aloi's Report and Recommendation should be, and is, hereby **ADOPTED** for the reasons articulated more fully in Section III of this Order. The Petitioner's Objections are **OVERRULED**. It is further ordered that, under 3:14-CR-42, Petitioner's Pro Se Motions Requesting Disposition of 28 U.S.C. § 2255 Motion [ECF No. 587 and 620] are **DENIED AS MOOT**. Accordingly, the Petitioner's § 2255 petition is **DENIED** and **STRICKEN** from the active docket of this Court.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

"If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to her last known address as shown on the docket sheet.

It is so **ORDERED**.

**DATED**: October 24, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE